*800 OPINION.
Van Fossan:
The question presented for our decision is whether petitioner was entitled to a credit on its undistributed profits tax under section 26 (c) (1) of the Revenue Act of 1936[1] by reason of a contract prohibiting it from paying dividends. Petitioner relies first on a contract respecting the loan from Fifth-Third Union Trust Co. The loan was originally for $142,000 and was made pursuant to a signed agreement dated as of June 25, 1934, which provided in part that so long as the loan was unpaid no dividend could be declared or paid by petitioner. Ninety-day extensions of this loan under the same terms and conditions were made from time to time until September 24, 1935. Respondent argues that the failure to extend the loan on September 24, 1935, caused the loan agreement to expire. With this we can not agree. Although the agreement was not renewed on September 24, 1935, the loan was still outstanding. The agreement itself indicated that it governed the loan, although no formal extension was made because it provided that certain bank balances were to be maintained “during the 90-day extension period and wntil the said bank loans are paid? It further provided that no dividends were to be paid on capital stock of petitioner “so long as said bank loans are unpaid? Thus it is clear that the parties themselves intended to be bound by the terms of the agreement as long as the loans were outstanding.
Our view is supported by Haskelite Manufacturing Corporation, 44 B. T. A. 636, and Sutcliffe Co., 41 B. T. A. 1009. In the latter case we held that a taxpayer was entitled to a credit under section 26 (c) (1) although the original loan contract made prior to May 1, 1936, prohibiting the payment of dividends on all of its capital was extended and amended on September 2, T936, to permit *801 the payment of dividends on preferred stock. We stated therein as follows:
The letter or contract of September 2, 1936, refers in express terms to the renewal of the company’s note for $30,000, balance due on the original obligation, and expresses the desire to extend the agreement made February 25, 1936. As the terms and conditions of that instrument were binding on petitioner until all the obligations to the bank were discharged, no extension or renewal was necessary. The obligation to the bank was not discharged until 1938. While the letter or contract of September 2, 1936, modified the agreement of February 25, 1936, by the removal of the prohibition or restriction against the payment of preferred dividends, in all other respects it was a confirmation of that agreement and did not otherwise abrogate or supplant its terms and conditions. The giving of the note of September 2, 1936, can not be considered as the discharge of the existing obligation and the creation of a new obligation, in the absence of evidence that it was so intended.
As the foregoing quotation indicates, the modification of the loan agreement between petitioner and the bank in the present proceeding did not result in a new contract. By express agreement the old restriction against the payment of dividends by petitioner remained effective even after the modification of the original agreement. Moreover, that the modified agreement was considered by the bank to be merely an extension of the old agreement is indicated in a letter in which the president of the bank informed a vice president that at a directors’ meeting of petitioner “an, appropriate resolution was passed binding the company to continuation of the various clauses under the present agreement.”
We are of the opinion and hold that the petitioner was bound by the terms of a written contract, signed by the corporation, to pay no dividends and accordingly is entitled to the credit asked under favor of section 26 (c) (1).
Petitioner, however, has two strings to its bow. It contends that the documents and letters set forth in the findings of fact respecting the loan from the Bank of the Manhattan Co. constitute a contract prohibiting it from paying dividends within the meaning of the statute as interpreted by the Supreme Court in Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46, and that accordingly it is entitled to the credit sought. The respondent contends that the statute “contemplated as between the taxpayer and its creditor a single written formally executed and delivered contract containing therein an explicit prohibition against the payment of dividends.”
We are unable to agree with respondent’s premise or to accept the construction asked. It is justified neither by the statute nor by anything said by the Court in Helvering v. Northwest Steel Rolling Mills, Inc., supra. An exchange of letters may constitute a written contract under the cited statute. See Atlantic Co., 45 B. T. A. 657; affd., 129 Fed. (2d) 87. Moreover, the Supreme Court expressly ob *802 served in the above cited case: “True, obligations not set out at length in a written contract may be incorporated by specific reference, or even by implication.”
We are of the opinion that under the holding of the Supreme Court in Helvering v. Northwest Steel Rolling Mills, Inc., supra, and the reasoning of the Board in Sutcliffe Go., sufra, and HasheUte Manufacturing Corf oration, sufra, the petitioner is entitled to prevail. In 1935 petitioner was under an express prohibition against paying dividends by virtue of the resolution of August 13, 1935, and the exchange of letters between petitioner and the Bank of the Manhattan Co. and petitioner and Fifth-Third Union Trust Co. The limiting language was explicit and absolute. The documents and letters clearly constitute written contracts executed by the corporation prior to May 1, 1936. This restriction was never removed or relaxed. It remained in full force and effect throughout 1936. That the parties so construed their rights, intentions, and restrictions is well evidenced by the exchange of letters of December 2, 1936, December 8, 1936, and December 10, 1936, wherein petitioner requested permission to pay a dividend on December 31, 1936, and the banks pre-emptorily refused. At the time the Bank of the Manhattan Co. wrote:
The resolution of August 13th, not to pay dividends on the Capital Stock while the Company was in debt to its hanks, was created because it was one of the conditions under which the Bank of the Manhattan Company made the loan, and until we have been paid in full, we will not agree to the payment of dividends.
The Fifth-Third Union Trust Co. at the same time wrote:
In August 1935, when we agreed to increase our loan to the Company, it was on the expressed condition and agreement that your Company would pay no dividends until the debt to us was discharged. You were then faced with an approaching maturity date on your debentures, and while we appreciate that the Company has made progress this year, we feel that we must stand on our decision then, and insist that the agreement be not broken.
We see no occasion for extending the discussion. By this agreement also petitioner was prohibited from the payment of dividends by the provision of a contract in writing executed by the corporation before May 1, 1936, and is entitled to the credit provided by section 26 (c) (1) of the Bevenue Act of 1936.
Reviewed by the Board.

Decision will he entered under Rule 50.

Disney concurs only in the result.

 SEC. 26. CREDITS OF CORPORATIONS.
In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
* ⅝ * * ⅜ * *
(c) Contracts Restricting Payment of Dividends.—
(1) .Prohibition on payment of dividends. — An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of .dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.